UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Law Offices of Peter E. Zimnis
1245 Whitehorse-Mercerville Road
Suite 412
Trenton, New Jersey 08619
Attorney for Debtor

Case No.: 21-19546

In re:
LINDA BREWER BURTON

Judge: Kaplan

Chapter 13

Debtor

# CHAPTER 13 DEBTOR'S CERTIFICATION TO SANCTON SHELLPOINT FOR VIOLATION OF FEDERAL BANKRUPTCY RULE 3002.1(b)

Linda Brewer-Burton, of full age, being duly sworn upon her oath and according to law, certifies and says:

1. I am filing a Certification in Support of sanctioning my mortgage company Shellpoint for violation of Fed. Bankr. R. 3002.1(b) for failure to provide a Notice of Mortgage Payment Change for the mortgage payment.

2. I am an owner of the property located at 2251 Liberty Street, Hamilton, New Jersey 08629.

3. I filed a Chapter 13 Bankruptcy petition on December 13, 2021.

4. When I filed this case, the mortgage company was FCI Lenders, and the monthly mortgage payment was $723.29. (Exhibit A- monthly mortgage statement for December 2021).

5. The mortgage loan later was transferred to Shellpoint.

6. Subsequent mortgage statements and other proof of monthly mortgage payment included:

    a. Statement for March 2022 for $723.29 (Exhibit B)
    b. Consent Order with Shellpoint's lawyer dated 8/12/22 stating that the monthly payment is $723.29 (Exhibit C)
    c. Statement for December 2022 for $1,840.27 (Exhibit D)
    d. Statement for January 2023 for $1,840.27 (Exhibit E)
    e. Statement for February 2023 for $1,840.27 (Exhibit F)
    f. Statement for March 2023 for $1,840.27 (Exhibit G)

7. I was never notified of the monthly mortgage payment change.

8. Moreover, I do not recall ever having received an annual escrow analysis since this present Bankruptcy case was filed in December 2021 thru and including March 31, 2023, so I had contacted the mortgage company recently, and they mailed me the below documents:

    a. Notice dated February 1, 2023 stating that the payment effective May 1, 2022 was to be $1,840.27 (Exhibit H)
    b. Letter dated March 20, 2023 that attached an alleged escrow analysis from March 28, 2022 stating that the monthly payment in January 2022 was $1,287.74 (Exhibit I).

9. What is noteworthy is that the monthly mortgage payments specified in Exhibits H and I contradict the monthly mortgage payments specified in Exhibits B and C.

10. The dates of Exhibits B and C were sent to me contemporaneous to those dates, while Exhibits H and I were sent to me about one (1) year later.

11. Which begs the question, were Exhibits H and I created one year after-the-fact for the sake of concealing the lack of timely notice of payment change, and in their rush to do so, they got the wrong dollar amounts on these later produced documents.

12. But moving on from that point of lack of notice, of relevance is Fed. Bankr. R 3002.1 that provides:

> (b) NOTICE OF PAYMENT CHANGES;OBJECTION. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.
>
> (1) *Notice*. The hold of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change that results in the payment amount, including any change that results from an interest-rate or escrow-account adjustment, not later than 21 days before a payment in the new amount is due. If the claim arises from a home-equity line of credit, this requirement may be modified by court order.
>
> (d) FORM AND CONTENT. A notice filed and served under subdivision (b) or (c) of this

> rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. The notice is not subject to Rule 3001(f).

13. I highlighted in red the word "shall", which expressly states that these provisions are mandatory (not optional).

14. A review of the Bankruptcy Court docket does not show that a Notice of Mortgage Payment Change (Official Form 410-S1) was ever filed prior to March 31, 2023.

15. So not only was this Notice not served and filed 21 days *prior to* the payment change, it was actually never filed at all prior to March 31, 2023.

16. After this Certification was prepared BUT prior to me signing this, the mortgage company filed a Notice of Mortgage Payment Change on April 10, 2023 thru their third law firm for them (RAS Citron).

17. But even with this Notice, Shellpoint apparently gave RAS incorrect information in the Notice, because Part 1 in said Notice says that the "current escrow payment" is $0, but their own Exhibit (letter dated February 23, 2023 [my Exhibit F]) states that the escrow payment is $1,116.98).

18. So which is it: $0 or $1,116.98?

19. So after all this:

    a. it is unclear what my mortgage payment was all these months due to the discrepancies in the payment due, and

    b. it is unclear what the post-petition arrears may be as the "payment amount" due on the monthly mortgage statement lacks explanation, and

    c. it is unclear what the pre-petition amounts due are because of the cloud of unclarity by Shellpoint, Padgett, and Pincus.

20. So by Shellpoint having violated Rule 3002.1, the Rule goes on to provide that this is sanctionable behavior:

    > (i) FAILURE TO NOTIFY. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
    >
    > (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
    >
    > (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

21. In the instant case, Shellpoint and their attorneys (Padgett Law Group and Pincus Law Group) have been completely negligent in handling my case.

22. My attorney says that RAS is a very competent law firm.

23. Without repeating their past actions during this Bankruptcy case, I incorporate by reference the Certification and Exhibits filed in my Motion to Expunge the Proof of Claim (document # 46 on PACER) that spells out the history of my attorney trying to get Shellpoint's attorneys to do something as simple as to file a Proof of Claim.

24. And even when they did file it many months late after the deadline had passed, they still got it wrong.

25. Due to that Motion to Expunge, they later filed an amended Proof of Claim, but even then it is questionable if that is accurate.

26. So based on Shellpoint's negligence and their lawyers' unresponsiveness (Padgett and Pincus), then it would be appropriate for this Court to Order Shellpoint to:

    a. Pay a monetary sanction to me, and

    b. To pay my attorney fees for them having to file this Motion, and

    c. To pay any expenses that I incurred, and

    d. That the dollar amount stated in the monthly mortgage statement as being the "payment amount" (which is $23,682.98 in the March 2023 mortgage statement) to be zeroed out, thus the "payment amount" be $0, and I just pay my regular monthly mortgage payments.

27. Based upon the aforesaid, I am respectfully requesting that this Court grant the relief that I request.

28. I certify that the foregoing is true. I am aware that if the Certification contains anything that is willfully false, then I am subject to punishment.

/s/ Linda Brewer-Burton_____

Dated: